UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL D. HICKMAN,<br><br>　　　　Petitioner,<br><br>　v.<br><br>ANTHONY HEDGEPETH, Warden,<br><br>　　　　Respondent. | 1:12-cv—00547-LJO-SKO-HC<br><br>ORDER DEFERRING CONSIDERATION OF PETITIONER'S REQUEST FOR AN EVIDENTIARY HEARING UNTIL THE MERITS OF THE PETITION ARE CONSIDERED (DOC. 11)<br><br>ORDER DEEMING PETITIONER'S MOTIONS TO BE IN PART MOTIONS FOR INJUNCTIVE RELIEF (Docs. 8, 11)<br><br>FINDINGS AND RECOMMENDATIONS TO DENY PETITIONER'S REQUESTS FOR INJUNCTIVE RELIEF (Docs. 8, 11)<br><br>OBJECTIONS DEADLINE:<br>THIRTY (30 DAYS |

　　　Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C.§ 636(b)(1) and Local Rules 302 and 303. Pending before the Court are Petitioner's motion for a court order filed on April 23, 2012, and Petitioner's supplemental motion for an evidentiary hearing and for an order for law library access filed on May 2, 2012.

　　I.　Order Deferring Consideration of Petitioner's
　　　　Request for an Evidentiary Hearing

　　　In his motion filed on May 2, 2012, Petitioner requests an

1

1 evidentiary hearing. (Doc. 11, 4.)

2 　　　The decision to grant an evidentiary hearing is generally a
3 matter left to the sound discretion of the district courts. 28
4 U.S.C. § 2254; Habeas Rule 8(a); Schriro v. Landrigan, 550 U.S.
5 465, 473 (2007). A court has inherent power to control its
6 docket and the disposition of its cases with economy of time and
7 effort for both the court and the parties. Landis v. North
8 American Co., 299 U.S. 248, 254-255 (1936); Ferdik v. Bonzelet,
9 963 F.2d 1258, 1260 (9th Cir. 1992).

10 　　　To obtain an evidentiary hearing in federal court under the
11 AEDPA, a petitioner must allege a colorable claim by alleging
12 disputed facts which, if proved, would entitle him to relief.
13 Schriro v. Landrigan, 550 U.S. at 474. The determination of
14 entitlement to relief is, in turn, is limited by 28 U.S.C. §
15 2254(d)(1), which requires that to obtain relief with respect to
16 a claim adjudicated on the merits in state court, the
17 adjudication must result in a decision that was either contrary
18 to, or an unreasonable application of, clearly established
19 federal law. Id. Further, in analyzing a claim pursuant to
20 § 2254(d)(1), a federal court is limited to the record that was
21 before the state court that adjudicated the claim on the merits.
22 Cullen v. Pinholster, 131 S.Ct. 1388, 1398 (2011).

23 　　　Thus, when a state court record precludes habeas relief
24 under the limitations set forth in § 2254(d), a district court is
25 not required to hold an evidentiary hearing. Cullen v.
26 Pinholster, 131 S.Ct. at 1399 (citing Schriro v. Landrigan, 550
27 U.S. at 474). An evidentiary hearing may be granted with respect
28 to a claim adjudicated on the merits in state court where the

2

1 petitioner satisfies § 2254(d)(1), or where § 2254(d)(1) does not
2 apply, such as where the claim was not adjudicated on the merits
3 in state court.  Cullen v. Pinholster, 131 S.Ct. at 1398, 1400-
4 01.

5   An evidentiary hearing is not required where the state court
6 record resolves the issues, refutes the application's factual
7 allegations, or otherwise precludes habeas relief.  Schriro v.
8 Landrigan, 550 U.S. at 474.  No evidentiary hearing is required
9 for claims based on conclusory allegations.  Campbell v. Wood, 18
10 F.3d 662, 679 (9th Cir. 1994).  Likewise, an evidentiary hearing
11 is not required if the claim presents a purely legal question,
12 there are no disputed facts, or the state court has reliably
13 found the relevant facts.  Beardslee v. Woodford, 358 F.3d 560,
14 585-86 (9th Cir. 2004); Hendricks v. Vasquez, 974 F.2d 1099, 1103
15 (9th Cir. 1992).

16   Thus, in most instances, it is not possible to consider a
17 motion for an evidentiary hearing before the merits of the
18 petition are considered.  In the present case, Respondent has not
19 yet responded to the petition.  Because the case is not fully
20 briefed or ready for decision on the merits, it is not yet
21 possible to rule on Petitioner's motion for an evidentiary
22 hearing.

23   Accordingly, in the exercise of the Court's discretion, it
24 is ORDERED that consideration of Petitioner's motion for an
25 evidentiary hearing is DEFERRED until the merits of Petitioner's
26 case are considered.
27 ///
28 ///

3

### II. <u>Deeming Motions to be in Part Requests for Injunctive Relief</u>

In the motion for a court order filed on April 23, 2012, Petitioner complains of having only several hours of law library access biweekly. Petitioner requests affirmative relief in the form of orders to prison staff to permit Petitioner to have expanded access to the law library. In the motion for an evidentiary hearing and request for court order filed on May 2, 2012, Petitioner similarly seeks expanded access to the law library. The Court thus DEEMS the motions to be in part requests for injunctive relief.

### III. <u>Motions for Injunctive Relief</u>

On April 23, 2012, Respondent was directed to file a response to the petition. Petitioner contends that Respondent is represented by attorneys and that Petitioner will suffer a disadvantage if he does not have expanded access to the law library. Petitioner complains of the prison systems' extending expanded law library access only to prisoners who can demonstrate that they were are within thirty days of a deadline for a court filing. Petitioner requests this Court to direct the prison staff to give Petitioner expanded law library access as if he were under such a deadline.

After reading the motions in their entirety, the Court concludes that it is clear that Petitioner is challenging the conditions of his confinement, not the fact or duration of that confinement.

A federal court may only grant a state prisoner's petition for writ of habeas corpus if the petitioner can show that "he is

4

in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A habeas corpus petition is the correct method for a prisoner to challenge the legality or duration of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (quoting Preiser v. Rodriguez, 411 U.S. 475, 485 (1973)); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases, 1976 Adoption.

In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement. McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases, 1976 Adoption.

Because in the motions Petitioner seeks to challenge the conditions of his confinement, and not the legality or duration of his confinement, Petitioner's claims concerning law library access are cognizable in a civil rights action rather than a petition for writ of habeas corpus.

Accordingly, it will be recommended that the motions for injunctive relief be denied.

IV. Recommendation

In accordance with the foregoing, it is RECOMMENDED that:

1) Petitioner's motions for injunctive relief be DENIED.

These findings and recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after

being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within fourteen (14) days (plus three (3) days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:     June 21, 2012**                              /s/ Sheila K. Oberto
                                                          UNITED STATES MAGISTRATE JUDGE