**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL D. HICKMAN,<br><br>    Petitioner,<br><br>    v.<br><br>ANTHONY HEDGEPETH, Warden,<br><br>    Respondent. | Case No. 1:12-cv-00547-LJO-SKO-HC<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITIONER'S MOTION FOR INJUNCTIVE RELIEF REGARDING LITIGATION STATUS (DOC. 37)<br><br>FINDINGS AND RECOMMENDATIONS TO DISREGARD IN PART PETITIONER'S SUPPLEMENTAL TRAVERSE AND PETITIONER'S SUPPLEMENTAL MOTION FOR AN EVIDENTIARY HEARING (DOCS. 32, 39)<br><br>ORDER DEFERRING CONSIDERATION OF PETITIONER'S MOTIONS FOR AN EVIDENTIARY HEARING UNTIL THE MERITS OF THE PETITION ARE CONSIDERED (D0CS. 1, 32, 39) |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 through 304. Pending before the Court are various motions and pleadings more fully described below.

I. Background

The petition was filed on April 5, 2012, and was answered by

1

1   Respondent on July 25, 2012.
2          Petitioner challenges a judgment of conviction on grounds of
3   ineffective assistance of counsel (IAC) at both the trial and
4   appellate levels and bias of the trial judge based on the judge's
5   ruling on a motion to disqualify the judge. (Doc. 1.) Petitioner
6   also requests an evidentiary hearing. (Id. at 15.) Respondent's
7   answer addresses the merits of the petition to the extent that
8   Petitioner had fairly presented his IAC claims to the state courts.
9   On July 31, 2012, Petitioner filed a memorandum in support of his
10  petition; the Court deemed a later application to constitute a
11  request for an extension of time to file a traverse, which the Court
12  granted. Petitioner filed his traverse on November 20, 2012, and a
13  supplement less than a week later.
14         Without seeking leave of Court, Petitioner filed on December 9,
15  2013, what appears to be a supplement to Petitioner's traverse as
16  well as a renewed or supplemental request for an evidentiary
17  hearing. On December 17, 2013, the Court set a briefing schedule
18  with respect to these submissions; Respondent filed opposition on
19  January 16, 2014. After repeated extensions of time, Petitioner
20  filed a reply on February 21, 2014; without further leave of Court,
21  Petitioner then filed another supplemental traverse and motion for
22  evidentiary hearing on April 14, 2014. Although the thirty-day
23  period for filing opposition to Petitioner's April filings has
24  passed, Respondent has not filed any opposition or notice of non-
25  opposition.
26         On February 21, 2014, petitioner also filed a motion seeking
27  injunctive relief with respect to his litigation status at his
28  institution of confinement. Petitioner alleged that his litigation

2

status affected his preparation and submission of pleadings in the instant case.

## II. Findings and Recommendations regarding Petitioner's Supplemental Traverse

It is generally improper to raise substantively new issues or claims in a traverse, and a court may decline to consider such matters. To raise new issues, a petitioner must obtain leave to file an amended petition or additional statement of grounds. Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir. 1994), cert. den., 514 U.S. 1026 (1995).

In the supplemental materials filed on December 9, 2013, and April 14, 2014, Petitioner addressed three claims: 1) error by the trial court in admitting, and ineffective assistance of counsel for failing to seek to exclude, allegedly tainted evidence handled by Officer Agostini; 2) a violation of the prosecution's due process duty to disclose evidence with respect to the testimony of Officer Moreno, and related ineffective assistance of counsel in failing to exclude hearsay evidence of Petitioner's alleged admission of ownership to law enforcement officers; and 3) abuse of discretion and statutory violation under state law as well as cruel and unusual punishment resulting from petitioner's sentence, which was based on prior convictions. (Docs. 32, 38.)

In response to Petitioner's supplemental submissions, Respondent concedes that the first and second claims do not expand Petitioner's first and second claims as stated in the petition and as addressed in Respondent's answer. (Doc. 34, 1-2.) Respondent contends, however, that as to Petitioner's third claim or claims concerning his sentence, state court remedies were not exhausted,

3

and the claims are untimely in any event, and thus Petitioner should not be permitted to address the matter. (Doc. 34, 3.)

### A. Exhaustion

A petitioner who is in state custody and wishes to challenge collaterally a conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1162-63 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with the necessary jurisdiction a full and fair opportunity to consider each claim before presenting it to the federal court, and demonstrating that no state remedy remains available. Picard v. Connor, 404 U.S. 270, 275-76 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365 (1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 9-10 (1992), superceded by statute as stated in Williams v. Taylor, 529 U.S. 362 (2000) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir. 2000), amended, 247 F.3d 904 (9th Cir. 2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999); Keating v. Hood, 133 F.3d

4

1240, 1241 (9th Cir. 1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275...(1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct' alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further in Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir. 2000), as amended by Lyons v. Crawford, 247 F.3d 904, 904-05 (9th Cir. 2001), stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal law. See, Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7... (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds, see, e.g., Hiivala v. Wood, 195 F.3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); Crotts, 73 F.3d at 865.
> ...
> In Johnson, we explained that the petitioner must alert

>     the state court to the fact that the relevant claim is a
>     federal one without regard to how similar the state and
>     federal standards for reviewing the claim may be or how
>     obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir. 2000), as amended by Lyons v. Crawford, 247 F.3d 904, 904-05 (9th Cir. 2001).

Where some claims in a habeas petition are exhausted and others are not (i.e., a "mixed" petition), the Court must dismiss the petition without prejudice to give Petitioner an opportunity to exhaust the claims if he can do so.  Rose, 455 U.S. at 510, 521-22; Calderon v. United States Dist. Court (Gordon), 107 F.3d 756, 760 (9th Cir. 1997), en banc, cert. denied, 118 S.Ct. 265 (1997); Greenawalt v. Stewart, 105 F.3d 1268, 1273 (9th Cir. 1997), cert. denied, 117 S.Ct. 1794 (1997).

A review of the petition for review filed in Petitioner's direct appeal (LD 5)[1] and the petition for writ of habeas corpus filed by Petitioner in the California Supreme Court (CSC) (LD 8) reflects that Petitioner did not raise his sentencing claim or claims before the CSC.  Thus, as to any sentencing claim, Petitioner has not shown that state court remedies have been exhausted.

Although non-exhaustion of state court remedies has been viewed as an affirmative defense, it is petitioner's burden to prove that state judicial remedies were properly exhausted.  28 U.S.C. § 2254(b)(1)(A);  Darr v. Burford, 339 U.S. 200, 218-19 (1950), overruled in part on other grounds in Fay v. Noia, 372 U.S. 391 (1963); Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981).

///

///

---

[1] "LD" refers to documents lodged by Respondent in connection with the answer.

B. <u>Untimeliness</u>

With respect to Petitioner's delay in raising his new claims, the new claims are based on Petitioner's sentence, a factual matter known to Petitioner at the time judgment was pronounced on November 20, 2009. (LD 1, 173-74.)

The originally filed petition was timely. Pursuant to 28 U.S.C. § 2244(d)(1)(A), the judgment became final by the conclusion of direct review on May 17, 2011, when ninety days had passed after the CSC's denial of Petitioner's petition for review on February 16, 2011 (LD 5). Supreme Court Rule 13; <u>Porter v. Ollison</u>, 620 F.3d 952, 958-59 (9th Cir. 2010); <u>Bowen v. Roe</u>, 188 F.3d 1157, 1159 (9th Cir. 1999). The one-year statute of limitations set forth in § 2244(d)(1) would therefore have begun to run on May 18, 2011, and absent any tolling would have concluded on May 17, 2012. Fed. R. Civ. P. 6(a); <u>Waldrip v. Hall</u>, 548 F.3d 729, 735 n.2 (9th Cir. 2008), <u>cert. denied</u>, 130 S.Ct. 2415 (2010). Thus, even without considering any tolling of the statute, Petitioner's original petition, which was filed on April 5, 2012,[2] was timely.

---

[2] Dates of filing are calculated pursuant to the "mailbox rule." Habeas Rule 3(d) provides that a paper filed by a prisoner is timely if deposited in the institution's internal mailing system on or before the last day for filing. The rule requires the inmate to use the custodial institution's system designed for legal mail; further, timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement setting forth the date of deposit and verifying prepayment of first-class postage. <u>Id.</u> Habeas Rule 3(d) reflects the "mailbox rule," initially developed in case law, pursuant to which a prisoner's pro se habeas petition is "deemed filed when he hands it over to prison authorities for mailing to the relevant court." <u>Houston v. Lack</u>, 487 U.S. 266, 276 (1988); <u>Huizar v. Carey</u>, 273 F.3d 1220, 1222 (9th Cir. 2001). The mailbox rule applies to federal and state petitions alike. <u>Campbell v. Henry</u>, 614 F.3d 1056, 1058-59 (9th Cir. 2010) (citing <u>Stillman v. LaMarque</u>, 319 F.3d 1199, 1201 (9th. Cir. 2003), and <u>Smith v. Ratelle</u>, 323 F.3d 813, 816 n.2 (9th Cir. 2003)). The mailbox rule, liberally applied, in effect assumes that absent evidence to the contrary, a legal document is filed on the date it was delivered to prison authorities, and a petition was delivered on the day it was signed. <u>Houston v. Lack</u>, 487 U.S. at 275-76; <u>Roberts v. Marshall</u>, 627 F.3d 768, 770 n.1 (9th Cir.

The Court will further assume for the purpose of analysis that pursuant to 28 U.S.C. § 2244(d)(2), Petitioner's collateral attacks in state court, commencing with an initial habeas petition filed in the trial court on March 21, 2011, and concluding with the CSC's denial of a habeas petition on February 29, 2012, tolled the running of the statute and thereby extended the statutory period until on or about February 28, 2013.[3]

However, even if this later date were considered, Petitioner's supplemental materials raising new claims were not submitted until December 2013 and April 2014, long after the deadline, and thus were untimely unless they related back to properly filed claims in the original petition.

An amendment to a pleading relates back to the date of the original pleading when 1) the law that provides the applicable statute of limitations allows relation back, 2) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out, or attempted to be set out, in the original pleading, or 3) the amendment changes the party or naming of a party under specified circumstances. Fed. R. Civ. P. 15(c)(1). In a habeas corpus case, the "original pleading" referred to in Rule 15 is the petition. Mayle v. Felix, 545 U.S. at 655. A

---

2010); Campbell v. Henry, 614 F.3d 1056, 1058-59 (9th Cir. 2010); Lewis v. Mitchell, 173 F.Supp.2d 1057, 1058 n.1 (C.D.Cal. 2001). The date a petition is signed may be inferred to be the earliest possible date an inmate could submit his petition to prison authorities for filing under the mailbox rule. Jenkins v. Johnson, 330 F.3d 1146, 1149 n.2 (9th Cir. 2003), overruled on other grounds, Pace v. DiGuglielmo, 544 U.S. 408 (2005).

[3] Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one-year limitation period.

habeas petition differs from a complaint in an ordinary civil case, however.  In ordinary civil cases, notice pleading is sufficient; however, Habeas Rule 2(c) requires that a habeas petition specify all the grounds for relief available to the petitioner and state the facts supporting each ground.  Id.

Relation back is appropriate in habeas cases where the original and amended petitions state claims that are tied to a common core of operative facts.  Mayle, 545 U.S. at 664.  The claims added by amendment must arise from the same core facts as the timely filed claims and must depend upon events not separate in "both time and type" from the originally raised episodes.  Mayle, 545 U.S. at 657.  Thus, the terms "conduct, transaction, or occurrence" in Fed. R. Civ. P. 15(c)(1)(B) are not interpreted so broadly that it is sufficient that a claim first asserted in an amended petition simply stems from the same trial, conviction, or sentence that was the subject of a claim in an original petition.  Mayle v. Felix, 545 U.S. at 656-57.  In Mayle, the Court concluded that the petitioner's pretrial statements, which were the subject of an amended petition, were separated in time and type from a witness's videotaped statements, which occurred at a different time and place and were the basis of a claim in the original petition.  Thus, relation back was not appropriate.  Mayle, 545 U.S. at 657, 659-60.

Here, the exhausted claims in the initially filed petition concerned ineffective assistance of trial and appellate counsel (IAC) and bias of the trial judge.  The new sentencing claims do not arise out of the same conduct, transaction, or occurrence set out in the original pleading; the two sets of claims do not arise out of a common core of operative facts but rather concern trial proceedings

9

on the one hand, and the constitutionality of the sentence on the other.  This is not a sufficient relationship to permit relation back.  Cf., Hebner v. McGrath, 543 F.3d 1133, 1138-39 (9th Cir. 2008) (a claim concerning jury instructions that allegedly lowered the burden of proof did not relate back to a claim concerning the admissibility of evidence).

In view of the lack of exhaustion of state court remedies and the untimeliness of the new sentencing claims, Petitioner has not shown that the new claim or claims would properly be added to the petition pending before the Court.  Accordingly, Petitioner should not be permitted to raise the sentencing claims in a supplemental traverse.  It will be recommended[4] that the Court disregard Petitioner's sentencing claim or claims, including but not limited to his excessive or cruel and unusual punishment claim.

III.   Petitioner's Motion for Injunctive Relief

On February 21, 2014, Petitioner filed a motion for a court order giving Petitioner priority legal user (PLU) status in his institution of confinement throughout the pendency of the instant proceeding.  Petitioner requested this relief to permit increased access to the law library so that Petitioner, a layperson, could proceed with his case.  (Doc. 37, 1.)  No opposition to the motion has been filed.  The case is presently fully briefed.

A review of the motion reveals that in seeking this relief, Petitioner is challenging or seeking to affect the conditions of his

---

[4] Although these issues arise in the context of an attempt to enlarge the scope of the proceedings by way of supplementing the traverse, ruling on Petitioner's application removes the availability of a federal forum with respect to Petitioner's new sentencing claim or claims. Accordingly, the undersigned proceeds by way of findings and recommendations.

confinement, not the fact or duration of that confinement.

A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  A habeas corpus petition is the correct method for a prisoner to challenge the legality or duration of his confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (quoting Preiser v. Rodriguez, 411 U.S. 475, 485 (1973)); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases, 1976 Adoption.  In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement.  McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases, 1976 Adoption.

Because in the motions Petitioner seeks to challenge the conditions of his confinement, and not the legality or duration of his confinement, these claims are cognizable in a civil rights action rather than a petition for writ of habeas corpus.  Accordingly, it will be recommended that Petitioner's motion for injunctive relief be dismissed.

IV.   Order on Petitioner's Motion for an Evidentiary Hearing

It appears that Petitioner is seeking to supplement his earlier motion for an evidentiary hearing and to add to the motion arguments based on his claim of an unconstitutionally excessive punishment.

To the extent Petitioner seeks to add to the Court's consideration his claim concerning an excessive sentence, it will be recommended that Petitioner's supplemental materials be disregarded

because as the foregoing analysis reflects, no such claim is before the court, and there is no basis for concluding that it would be appropriate to add such claims to the proceeding.

To the extent Petitioner seeks to support his request for an evidentiary hearing by his filings of December 9, 2013, and April 14, 2014, Petitioner's filings will be considered by the Court when the Court considers the merits of the petition.  In its order of June 21, 2012, the Court exercised its discretion and deferred consideration of the motion for evidentiary hearing until the merits of the petition are considered.

Accordingly, it is ORDERED that consideration of Petitioner's motion for an evidentiary hearing is DEFERRED until the Court considers the merits of the petition.

V.   Recommendations

Based on the foregoing analysis, it is RECOMMENDED that:

1)   Petitioner's supplemental traverse and supplemental motion for evidentiary hearing be DISREGARDED insofar as they raise sentencing claims; and

2)   Petitioner's motion for injunctive relief be DISMISSED.

These findings and recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and

filed within fourteen (14) days (plus three (3) days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **July 31, 2014**                                **/s/ Sheila K. Oberto**
                                                                           UNITED STATES MAGISTRATE JUDGE