# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL D. HICKMAN,<br><br>        Petitioner,<br><br>    v.<br><br>WILLIAM MUNIZ,<br><br>        Defendant. | No. 1:12-cv-00547-LJO-SKO HC<br><br>**ORDER DENYING MOTION FOR INJUNCTIVE RELIEF**<br><br>**(Doc. 50)** |

Petitioner, a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, moves for an injunction ordering Respondent to provide him with materials necessary to prepare legal documents needed for his access to the courts.

## 1.     Parties' Contentions

Petitioner contends that Salinas Valley State Prison ("SVSP") refuses to provide indigent prisoners, including Petitioner, with basic supplies such as paper, pens, and typewriters to prepare legal documents. Respondent disagrees.

According to the declaration and documentation provided by Respondent, in January, February, May, and August 2015, Petitioner applied for and was granted indigent mail status, entitling him to receive five envelopes per week, thirty safety dental floss loops monthly, and up to five sheets of paper and a golf pencil upon request. Petitioner did not request indigent mail status for supplies in February, March, June, or July 2015. In addition, since June 10, 2015, when he requested an extension of time to prepare objections to the findings and recommendations in this case, Petitioner has had law library access about twenty times; the law library provides pencils and paper to inmates.

1

## 2. Standards and Discussion

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (*quotations and citations omitted*). A mandatory preliminary injunction such as the one plaintiff seeks here "is subject to heightened scrutiny and should not be issued unless the facts and the law clearly favor the moving party." *Dahl v. HEM Pharmaceuticals Corp.*, 7 F.3d 1399, 1403 (9th Cir. 1993). To secure a preliminary injunction, a petitioner must demonstrate "either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." *Arcamuzi v. Continental Air Lines, Inc.*, 819 F.2d 935, 937 (9th Cir. 1987). Under either approach, the petitioner "must demonstrate a significant threat of irreparable injury." *Id.* No injunction should issue if the petitioner fails to demonstrate "a fair chance of success on the merits, or questions serious enough to require litigation." *Id.*

Having reviewed both parties' contentions and Respondent's documentation of the supplies and law library access provided to Petitioner, the Court finds no support for Petitioner's contentions other than his own claim that he has been denied supplies. On the other hand, Respondent has fully documented that writing supplies were available to Petitioner upon his request. Accordingly, the balance of equities does not require the Court to intervene in SVSP's provision of writing materials to indigent inmates.

## 3. Conclusion and Order

The Court hereby DENIES Petitioner's motion for injunctive relief. Petitioner is directed to submit his objections to the findings and recommendations, if any, on or before September 22, 2015.

IT IS SO ORDERED.

Dated:   **September 1, 2015**                              **/s/ Sheila K. Oberto**
                                                            UNITED STATES MAGISTRATE JUDGE

2