UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL D. HICKMAN,<br><br>                    Petitioner,<br><br>        v.<br><br>WILLIAM MUNIZ, Warden,<br><br>                    Respondent. | No.  1:12-cv-00547-LJO-SKO  HC<br><br>**ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION**<br><br>**(Doc. 57)** |

On September 8, 2015, Petitioner filed a document entitled "Petitioner's Opposition to Respondent's Opposition to Petitioner's Motion for Injunctive Relief" (Doc. 57), in which he accused the Magistrate Judge of bias and the Respondent of misrepresenting compliance with the requirement that he be provided with the materials necessary to prepare objections to the findings and recommendations.  Although Petitioner initially states that he made his opposition "for the record," Petitioner again demands injunctive relief as well as appointment of counsel.

Accordingly, the Court will treat Petitioner's statement of opposition as a motion for reconsideration.

**I.        Procedural and Factual Background**

On May 20, 2015, the undersigned filed findings and recommendations in which the undersigned, among other things, recommended that the Court deny the petition for writ of

1

habeas corpus. Doc. 45. The findings and recommendations provided that either party could file objections within thirty days. Thereafter, Petitioner requested and was granted multiple extensions of time to file objections. Petitioner's objections to the findings and recommendations are now due on September 22, 2015.

On August 10, 2015, Petitioner filed a motion for injunctive relief in which he alleged that Salinas Valley State Prison ("SVSP"), the institution in which he is confined, denied him the materials necessary to prepare his objections. Doc. 50. Petitioner requested that the Court grant an injunction ordering Respondent to provide him, an indigent prisoner, with paper and writing implements. Respondent replied that so long as Petitioner applied for indigent mail status, SVSP provided him with paper and a pencil. Doc. 55. Respondent documented Petitioner's qualification for indigent mail status during the time period relevant to his preparation of objections to the findings and recommendations. Respondent added that pencils and paper were also available to inmates in the prison library, and that Petitioner had access to the law library approximately twenty times in the relevant period. Accordingly, on September 1, 2015, the Court denied Petitioner's motion for injunctive relief. Doc. 56.

On September 8, 2015, Petitioner filed his opposition to the Court's denial of injunctive relief. Doc. 57.

**II.      Discussion**

      **A.      Reconsideration**

A party cannot have relief simply because he or she is unhappy with the Court's decision. *See, e.g., Khan v. Fasano*, 194 F.Supp.2d 1134, 1136 (S.D.Cal. 2001). Reconsideration of a court's order is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (quoting 12 James Wm. Moore, Moore's Federal Practice § 59.30[4] (3d

2

ed. 2000)). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in controlling law." *Kona Enterprises*, 229 F.3d at 890 (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)). "[A] motion for reconsideration is properly denied when the movant fails to establish any reason justifying relief." *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985).

Petitioner presents no newly discovered evidence, no documentation of clear error, nor evidence of change in any intervening law. Instead, he attacks the Court, challenges the sufficiency of the supplies that SVSP provides to prisons granted indigent mail status,[1] and expresses frustration at SVSP's lack of efficiency in providing supplies. His objections are insufficient to merit reconsideration of the Court's denial of his motion for injunctive relief.

**B.     Appointment of Counsel**

Petitioner requests appointment of counsel in the event the Court does not order that he be provided paper and a pen or typewriter. In habeas proceedings, no absolute right to appointment of counsel currently exists. *See, e.g., Anderson v. Heinze*, 258 F.2d 479, 481 (9th Cir. 1958); *Mitchell v. Wyrick*, 727 F.2d 773, 774 (8th Cir. 1984). Nonetheless, a court may appoint counsel at any stage of the case "if the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B); Rule 8(c), Rules Governing Section 2254 Cases.

Petitioner has competently represented his own interests throughout the pendency of his petition for writ of habeas corpus. The sole task remaining to him is the preparation of objections to the findings and recommendations recommending denial of the petition for writ of habeas

///

---

[1] Petitioner argues that because the form for petition for habeas corpus directs that it be typewritten or completed in ink, SVSP must provide him with a pen or typewriter. Petitioner did not move for an injunction to enable him to prepare a petition for writ of habeas corpus, but to prepare objections to the findings and recommendations. Accordingly, the reference to the form's requirements is misplaced.

corpus. The Court finds no evidence that the interests of justice require the appointment of counsel for that purpose.

### III. Conclusion and Order

Petitioner's motion for reconsideration and request for appointment of counsel are hereby DENIED. Petitioner is directed to file his objections to the findings and recommendations, if any, on or before September 22, 2015; no further extensions will be granted.

IT IS SO ORDERED.

Dated: **September 10, 2015**          **/s/ Sheila K. Oberto**
                                                                  UNITED STATES MAGISTRATE JUDGE